June 24, 1927, which reversed an order of the Orange County Court denying a motion to vacate an order forfeiting an undertaking of bail and granted said motion The Appellate Division had reversed a judgment of conviction and directed that defendant be discharged from custody. On appeal by the People to the Court of Appeals the judgment of the Appellate Division had been reversed and the judgment of conviction affirmed (243 N. Y. 162). The Appellate Division herein held that its order directing discharge of defendant was equivalent to a direction that the bail be exonerated as required by section 545 of the Code of Criminal Procedure.

*Elmer H. Lemon, District Attorney,* for appellant.
*Henry Hirschberg* for respondent.

Order affirmed; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

ANTONI KOSMOWSKI, Respondent, *v.* MARY G. LABRUZZO, Appellant.

*Vendor and purchaser — real property — vendor unable to give clear title — action to establish lien on real property for down payment under contract of sale and expenses.*

*Kosmowski* v. *Labruzzo,* 220 App. Div. 773, affirmed.
(Argued January 17, 1928; decided February 14, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 6, 1927, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was to establish a lien upon real property for the amount paid by plaintiff under a contract to purchase said property together with expense incurred in connection therewith on the ground that defendant was unable to convey an unincumbered title as required by the contract.

Prepared by State Reporter from Appeal Papers

*Peter H. Ruvolo* and *Herbert N. Warbasse* for appellant.

*Abraham S. Cohen* and *Samuel Widder* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

ANNA DE GAETANO, as Administratrix of the Estate of JAMES DE GAETANO, Deceased, Appellant, *v.* MERRITT AND CHAPMAN DERRICK AND WRECKING COMPANY, Respondent.

*Negligence — master and servant — action to recover for death of diver from asphyxiation while engaged in his work — insufficient evidence of negligence of employer.*

*De Gaetano* v. *Merritt & Chapman Derrick & Wrecking Co.*, 219 App. Div. 242, affirmed.

(Argued January 17, 1928; decided February 14, 1928.)

APPEAL from a judgment, entered March 9, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant, his employer. Intestate, a diver, was asphyxiated while engaged in his employment of laying a cable at the bottom of the Harlem river. No witness saw the accident; his equipment was in perfect condition; he was found after the accident with his air hose and life line intact but caught between the cable and timbers of the crib through which it was to be hauled.

*Harold R. Medina* and *William F. McNulty* for appellant.

*William J. Martin, Patrick J. Dobson* and *Frederick Mellor* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.